FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2017 AUG 10 PM 3:22
STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>vs.<br><br>TRAVIS A. GETMAN,<br><br>Defendant(s). | Case No. 14-CR-00099-J |

## OPINION AND ORDER

Before the court is defendant's Motion to Modify Sentence Under U.S.C. § 3582(c)(2) and Memorandum of Law in Support (Dkt. # 62). Defendant seeks to have his sentence reduced under Amendment 794 of the United States Sentencing Commission Guidelines Manual (Nov., 2015). The United States argues that the defendant's motion must be dismissed (Dkt. #63). Amendment 794, which became effective on November 1, 2015, changed the commentary to U.S.S.G. § 3B1.2 regarding how a court should decide whether a defendant should receive a minor (or minimal) role downward adjustment in his advisory sentencing guidelines calculation. *See* U.S.S.G. App.C. Amend. 794 (Nov. 1, 2015).

Mr. Getman was sentenced on August 11, 2015, to a ninety-seven month term to be

followed by 48 months supervised release for his activities in connection with a conspiracy to possess with intent to distribute and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). (Dkt # 51). Nearly three months later, on November 1, 2015, Amendment 794 became effective modifying commentary to U.S.S,G. § 3B1.2 in regard to the determination whether a defendant should receive a downward adjustment in the Guidelines application based on whether defendant played a minor or minimal role in the crime of conviction.. U.S.S.G. App. C. Amend. 794 (Nov.1, 2015).

Defendant contends that his role in the offense of conviction was minor and that it falls within the language of U.S.S.G. § 3B1.2, comment (n.3) which provides in pertinent part:

> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

*See* U.S.S.G. § 3B1.2, comment (n. 3). Getman bases his minor role argument on Amendment 794, relying on the holding in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) that Amendment 794 "resolved a circuit split and was intended as a clarifying amendment . . .therefore it applies retroactively to direct appeals." *Id.* at 523. Getman was convicted and

sentenced on August 11, 2015. He did not appeal.

Under Tenth Circuit precedent, only those amendments which are explicitly enumerated in § 3582(c)(2) are deemed to be retroactive. U.S.S.G. §1B1.10(a)(2). *See* United *States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993). Amendment 794 is not such an amendment, nor is it included as a covered amendment in U.S.S.G. 1B1.10. *See United States v. Yohe,* 2017 WL 957428 *2 (D. Kan. Mar. 13, 2017) ("Amendment 794 has not been made retroactively applicable to cases on collateral review, only cases on direct appeal); *United States v. Harrison*, 2016 WL 631768, *2 (N.D. Okla. Oct.27, 2016) ("Amendment 794 is not retroactive under the sentencing guidelines, federal statutes or Tenth Circuit precedent"); *United States v. Fouse*, 2016 WL 4516066, *2 (N.D. Okla. Aug. 29, 2016) ("Amendment 794 . . .cannot be applied retroactively and it may not serve as the basis on which to reduce defendant's sentence").

IT IS ACCORDINGLY ORDERED this 10th day of August, 2017, that the defendant's Motion to Modify Sentence Under U.S.C. § 3582(c)(2) should be and the same is dismissed. *See United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013).

8/10/17

Alan B. Johnson
United States District Judge